DAVID MacGREGOR COMPANY, PLAINTIFF-RESPONDENT, v. SANDOR BREIBART ET AL., TRADING, ETC., DEFENDANTS-APPELLANTS.

Argued May 4, 1943—Decided August 16, 1943.

Before Justices Case, Donges and Porter.

For the appellants, *Nicholas O. Beery.*

For the respondent, *I. Arthur Weiss.*

The opinion of the court was delivered by

Donges, J. This appeal from a judgment for plaintiff, entered in the Second District Court of the City of Paterson, raises a simple question, namely, whether there was any evidence to sustain the judgment for plaintiff.

The state of case does not conform to the statute, *R. S.* 2:32–209, or rules of this court, *R. S.* 2:32–211, Supreme Court Rule No. 156. It contains matter that is not part of the record.

The suit was for the amount alleged to be due as premiums for insurance, issued by plaintiff as authorized agent of certain insurance companies and for an audit of defendants' records in connection with the employees' compensation insurance policy issued to defendants. The premiums were for the time the policies were in force, they having been cancelled on or about June 4th, 1942, about four months after issuance.

The plaintiff's testimony showed that policies were issued on application of Mr. J. T. Lieblich in 1941; that Mr. Lieblich requested plaintiff, in January, 1942, to renew the policies; that the policies were issued and sent, as theretofore, to Mr. Lieblich; that thereafter an audit was made of defendant's records; that plaintiff submitted bills for the amount alleged to be due on the policies, but no payment was received; that, on or about June 4th, 1942, plaintiff's secretary was advised by Mr. Lieblich that defendants had not paid the premiums, although he had attempted to collect same, and that plaintiff should attempt to make such collection; that the policies were canceled on or about June 4th, 1942; that defendants were given credit for unearned premiums and that

the sum of $31.08 was due for the period the policies covered defendants.

Defendants' only witness was Mr. Lieblich, who testified that he had ordered the policies in 1941; that, in January, 1942, he advised plaintiff not to issue renewals; he denied any conversation with plaintiff's officer respecting cancellation of the policies or that he had advised collection directly from defendants; he testified that he had received the renewal policies and held them for several months, when they were returned to plaintiff; that he was advised of the audit of defendants' records on February 5th, 1942, but took no step to cancel the renewal policies.

The defendants set out six reasons for reversal, as follows:

1. The court erred in denying defendants' motion for nonsuit.

2. The court erred in denying defendants' motion for direction of verdict in favor of defendants.

3. The verdict is contrary to the weight of the credible evidence.

4. The court erred in admitting, over objection and exception, the testimony of William A. Courter, as to agency in the plaintiff to prosecute the action for the recovery of premiums due to the Ocean Accident and Guarantee Corporation.

5. The court erred in admitting *Exhibit P-1* and *Exhibit P-2*, in evidence 11/27/42.

6. The court erred in entertaining and granting the motion on 12/18/42 to file an amended state of demand.

There is nothing in the state of case settled by the trial court upon which grounds Nos. 1, 3, 4, 5 and 6 may be considered. The settled state of case does not disclose that any of the questions were raised at the trial. The only question raised is on the motion for a directed verdict for defendants at the conclusion of the entire case. This court is, in the situation presented, bound to rely solely on the state of case as settled by the trial court.

The defendants argue that the proofs fail to show that defendants authorized the procurement of the renewal policies from plaintiff. There is a conflict in the testimony as to whether the policies were ordered from plaintiff by Mr. Lieb-

lich. He testified that he did not order them but advised plaintiff they were not desired. The plaintiff's witness testified they were so ordered. The trial judge found in favor of plaintiff on this question. Were defendants liable to pay for them? The uncontradicted testimony is that, during the time these renewals were in effect, an audit was made of defendants' records for the purpose of determining the amount of premium that might be payable. The defendants permitted this to be done, which was construed as approval of the action of their agent in procuring the renewals. Admittedly Mr. Lieblich had authority to procure the original policies in the year 1941 and there is no denial of his authority to procure the renewal policies. Indeed the existence of such authority is demonstrated in the testimony of Mr. Lieblich, who was the only witness for defendants.

It appears, therefore, that only questions of fact were raised at the trial, as appears from the settled state of case, and it is settled that this court will not disturb findings of the trial court on questions of fact, if there be evidence to support them. The District Court act provides for a review only from a determination "in point of law." Our duty is to inquire whether there was any legal evidence upon which the findings might be based. *R. S.* 2:32–202. *Siccardi* v. *Caruso,* 120 *N. J. L.* 111; *Sheehan* v. *Menkes et al.,* 8 *N. J. Mis. R.* 867; *Aitken* v. *John Hancock, &c., Insurance Co.,* 122 *N. J. L.* 436.

We conclude that the testimony raised a question of fact and that the determination of the trial judge is final.

The judgment is affirmed, with costs.